# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:98-CR-30022-NJR-2 |
| GUY J. WESTMORELAND, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Compassionate Release filed by Defendant Guy J. Westmoreland under 18 U.S.C. § 3582(c)(1)(A). (Docs. 967, 974). Westmoreland is serving a 240-month sentence on a drug conspiracy charge and a life sentence for offenses related to the murder of Debra Abeln in a murder-for-hire plot initiated by the victim's husband. Westmoreland organized the murder of Abeln, a mother of three children, because he feared she would reveal his drug conspiracy.[1] During a "robbery" staged by Westmoreland, co-defendant Deandre Lewis shot Abeln twice in the chest with a sawed-off shotgun in front of her 12-year-old son. Westmoreland arranged for the murder to occur while he was on a Disney cruise with his family.

Westmoreland, who has served 24 years in prison, now asks the Court to reduce his sentence to time-served due to the COVID-19 pandemic and his health conditions. (Docs. 967, 974). Westmoreland states that he tested positive for COVID-19 in February

---

[1] This fear was unfounded; Debra Abeln had not actually discovered the drug-trafficking enterprise.

2021 and became "deathly ill" from the virus, which is still wreaking havoc on his body. (*Id.*). He claims his lungs have been adversely affected, his breathing is weak, he wheezes, and he is very fatigued. (*Id.*). He also suffered life-threatening blood pressure levels and damage to his heart and lungs. (*Id.*). Although he has now been vaccinated with the Moderna vaccine, Westmoreland worries about reinfection and questions the efficacy of the vaccine. (*Id.*). Westmoreland also notes that his current BMI is 41, which puts him at high risk for complications if he is reinfected with COVID-19. (*Id.*).

Westmoreland further cites to what he deems a "defective superseding indictment," a "never resolved Double Jeopardy issue," and "Government misconduct" as bases for his release, in addition to his maturity and rehabilitation after 24 years in prison. (Doc. 974). If released, Westmoreland would live with his son, daughter-in-law, and five grandchildren. (*Id.*).

The Government opposes the motion, arguing that Westmoreland is fully vaccinated and, therefore, COVID-19 no longer presents exigent circumstances justifying his release. (Doc. 971). Furthermore, Westmoreland remains an extreme danger to the community given the heinous and depraved circumstances of the crime he committed. Therefore, when considering the 18 U.S.C. § 3553(a) sentencing factors, his motion should be denied. (*Id.*).

Under the First Step Act of 2018, incarcerated defendants may seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The parties do not dispute that Westmoreland exhausted his administrative remedies before filing his motion for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

Here, there are no extraordinary and compelling circumstances that warrant granting Westmoreland's motion for compassionate release. For a medical condition to constitute an extraordinary and compelling reason, the defendant must be suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from

which he or she is not expected to recover. U.S.S.G. 1B1.13(a)(2). Here, while Westmoreland does have obesity, high blood pressure, high cholesterol, and diabetes, he has now been vaccinated against COVID-19. There is growing evidence that the COVID-19 vaccines are highly effective and significantly reduce an individual's risk of becoming severely ill from the virus. *See United States v. Ballard*, No. 4:16-CR-40051-SLD-2, 2021 WL 2345007, at *2 (C.D. Ill. June 8, 2021) (collecting sources). Thus, even with his co-morbidities, Westmoreland is no longer at a high risk of severe complications from COVID-19. Courts across the country have come to the same conclusion when faced with analogous circumstances involving vaccinated inmates. *See, e.g.*, *United States v. Harrison*, No. 4:16-CR-40073-SLD, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021) (collecting cases). Moreover, the BOP reports only two active cases among inmates at USP Leavenworth, and 1,074 of the 1,669 total inmates, or about 64 percent, have been fully vaccinated. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last visited June 21, 2021).

Additionally, while the Court applauds Westmoreland for his personal rehabilitation and his relationship with his family, those circumstances alone do not merit his release. The Court further notes that Westmoreland's arguments regarding "Government misconduct," have been thoroughly addressed in his multiple appeals. *United States v. Westmoreland*, 712 F.3d 1066, 1071 (7th Cir. 2013) (appeal of denial of motion for new trial); *United States v. Westmoreland*, 312 F.3d 302, 308 (7th Cir. 2002) (murder-related convictions); U*nited States v. Westmoreland*, 240 F.3d 618 (7th Cir. 2001) (drug-conspiracy conviction). Any argument about a defective superseding indictment

or a violation of the Double Jeopardy clause should have been raised much earlier and has now been waived or forfeited. *See United States v. Morgan*, 929 F.3d 411, 423-24 (7th Cir. 2019).

Even if extraordinary and compelling circumstances existed, the § 3553(a) sentencing factors and the required finding that the defendant is not a danger to the safety of another person or the community demand that this Court deny Westmoreland's motion. Westmoreland organized the killing of an innocent mother of three in front of her youngest son in an effort to protect his drug-dealing business. Releasing Westmoreland would fail to provide just punishment for offense, promote respect for the law, or protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

For these reasons, the Motion for Compassionate Release filed by Defendant Guy J. Westmoreland (Docs. 967, 974) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  June 21, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**