IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:98-CR-30022-NJR-2 |
| GUY J. WESTMORELAND, | |
| Defendant. | |

### ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Certificate of Appealability filed by Defendant Guy J. Westmoreland. (Doc. 985). The Seventh Circuit Court of Appeals transferred the motion to this Court to determine whether it should be construed as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 consistent with *Castro v. United States*, 540 U.S. 375, 377 (2003). (Doc. 984).

Normally, a certificate of appealability is issued by a district court after denying a motion filed pursuant to § 2255. *See* FED. R. APP. P. 22(b). If a district judge denies a certificate of appealability, a movant may request a circuit judge to issue it. *Id.* Here, Westmoreland has not yet filed a motion under § 2255, so his Motion for Certificate of Appealability is premature.

Furthermore, although titled as a motion for a certificate of appealability, Westmoreland raises issues related to double jeopardy, the jury instructions, and the sufficiency of the evidence presented at his second trial. Westmoreland asks the Court to

vacate his sentence and conviction in his second trial and resentence him to 20 years' imprisonment. The relief Westmoreland seeks is only available through a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

The Court cannot construe Westmoreland's motion as a § 2255 motion without a clear indication that he intends to invoke the statute. *Castro*, 540 U.S. at 377 ("[T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.").

Accordingly, the Court **WARNS** Westmoreland that if he does not withdraw the Motion for Certificate of Appealability (Doc. 985) on or before **December 22, 2023**, the Court will construe it as a motion filed pursuant to § 2255 and direct the Clerk's Office to open a new civil case. Westmoreland will then be subject to the second or successive filing restrictions contained in 28 U.S.C. § 2255(h).

**IT IS SO ORDERED.**

DATED: November 22, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**