**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GUY J. WESTMORELAND,

        Defendant.

Case No. 3:98-CR-30022-NJR-2

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the second Motion for Compassionate Release filed by Defendant Guy J. Westmoreland under 18 U.S.C. § 3582(c)(1)(A). (Doc. 996). Upon the Court's Order, the Government filed a response in opposition. (Doc. 1003). For the following reasons, the motion is denied.

### BACKGROUND

The details of Westmoreland's crimes are well known to the Court and to the parties. Westmoreland is serving a life sentence without parole for offenses related to the 1997 murder of Debra Abeln in a murder-for-hire plot initiated by Richard Abeln, Debra's husband. (Doc. 847). Westmoreland organized a staged robbery where his co-defendant, Deandre Lewis, shot Abeln twice in the chest with a sawed-off shotgun in front of her 12-year-old son. Westmoreland arranged for the murder to occur while he was on a Disney cruise with his family.

Westmoreland, who has served approximately 28 years in prison, asks the Court

to reduce his sentence to time-served or to a lesser sentence than life without parole. Where Westmoreland's first motion for compassionate release focused solely on the health risks presented by the COVID-19 virus, his current motion argues that a combination of factors warrant his early release from prison, including: (1) an intervening change in sentencing law; (2) the severity of his sentence; (3) a sentencing disparity with other individuals charged and convicted of similar offenses; (4) his medical conditions; (5) his increased risk of suffering severe medical complications from COVID-19; and (6) his superlative rehabilitation.

## DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed." *See Dillon v. United States*, 560 U.S. 817, 824 (2010). Compassionate release represents a narrow exception to this rule. *See* 18 U.S.C. § 3582(c)(1)(A). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for compassionate release after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There is no dispute that Westmoreland exhausted his administrative remedies before filing his motion.

Once the exhaustion requirement is satisfied, the court considers whether extraordinary and compelling reasons warrant a sentence reduction and whether the reduction is appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States*

Page 2 of 11

*v. Black*, 715 F. Supp. 3d 1069, 1073 (N.D. Ill. 2024); *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023). The defendant bears the burden of establishing extraordinary and compelling circumstances. *United States v. Barbee,* 25 F.4th 531, 532 (7th Cir. 2022).

DISCUSSION

### A.  U.S. Sentencing Commission Policy Statement

The Sentencing Commission issued a policy statement, effective on November 1, 2023, which describes what constitutes extraordinary and compelling reasons for a sentence reduction, including: (1) certain medical circumstances of the defendant, (2) the defendant's age and deteriorating health, (3) family circumstances that leave the defendant as the only available caregiver, and (4) that the defendant has been a victim of abuse in prison. U.S.S.G. § 1B1.13(b)(1)-(4). A defendant may also demonstrate "other reasons" by presenting any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). § 1B1.13(b)(5). Finally, the policy statement provides that a finding of extraordinary and compelling reasons is warranted if: (1) the defendant is serving an unusually long sentence; (2) the defendant has served at least ten years of the sentence; and (3) an intervening change in law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6).

### B.  Unusually Long Sentence

Westmoreland first argues that he is serving an unusually long sentence under

§ 1B1.13(b)(6). Westmoreland claims that *United States v. Booker*, 543 U.S. 220, 244 (2005), in which the U.S. Supreme Court held that the U.S. Sentencing Guidelines are advisory only, was a change in the law that has created a disparity between the sentence he is serving and the sentence that would be imposed today. *See* § 1B1.13(b)(6). Specifically, Westmoreland contends that the Sentencing Guidelines mandated his life sentence at the time, but today the court could deviate from a Guidelines sentence. As additional support for his argument, Westmoreland asserts that other defendants convicted of murder have been given less severe sentences, and that the average sentence for murder over the past five years has been 261 months.

As the Government notes, *Booker*'s impact on the law does not help Westmoreland because he received a statutorily mandated life sentence, not a Guidelines sentence. Westmoreland was convicted of three offenses for which the statute mandated a sentence of either death or life in prison: (1) interstate murder for hire under 18 U.S.C. § 1958; (2) conspiracy to commit interstate murder for hire under 18 U.S.C. § 1958; and (3) tampering with a witness by committing murder under 18 U.S.C. § 1512(a)(1)(C). The Government withdrew its intent to seek the death penalty, so life imprisonment was the only available statutory sentence on these charges. And there is nothing "extraordinary" about a life sentence when Congress has determined that is the minimum penalty for the crime committed. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) ("Put another way, there is nothing "extraordinary" about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute.").

In *Thacker*, the court explained that "the discretionary authority conferred by § 3582(c)(1)(A) only goes so far":

> We see nothing preventing the next inmate serving a mandatory minimum sentence under some other federal statute from requesting a sentencing reduction in the name of compassionate release on the basis that the prescribed sentence is too long, rests on a misguided view of the purposes of sentencing, reflects an outdated legislative choice by Congress, and the like. Rationales along those lines cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law. Any other conclusion offends principles of separation of powers.

*Id.* Thus, the *Thacker* court concluded that "the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction." *Id.*

Westmoreland's statutory life sentence also differentiates him from the other defendants he references in his motion, as they were sentenced to life under the Guidelines and later had their sentences reduced post-*Booker*. *See, e.g.*, *United States v. Russo*, 643 F. Supp. 3d 325, 336 (E.D.N.Y. 2022) (granting compassionate release to two defendants convicted of murder who were sentenced to life under "an unconstitutional sentencing regime").

If sentenced today, Westmoreland would still be subject to either a death sentence or life in prison. Thus, there is nothing extraordinary and compelling about his sentence, and he is not entitled to compassionate release on this basis.

### C. Medical Circumstances

Westmoreland next argues that he suffers from medical conditions that qualify as

extraordinary and compelling. Under § 1B1.13(b)(1)(B), extraordinary and compelling reasons exist when the defendant is "(i) suffering from a serious physical or medical condition . . . or (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Section 1B1.13(b)(1)(C) also permits a finding of extraordinary and compelling circumstances where a "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

Westmoreland asserts that his obesity, high blood pressure, high cholesterol, diabetes, and sleep apnea are conditions that require long-term, specialized medical care, and that the Bureau of Prisons ("BOP") has repeatedly caused delays in his care. He also argues, separately, that his medical conditions put him at a greater risk of severe medical complications or death as a result of exposure to COVID-19.

In response, the Government only addresses Westmoreland's argument regarding COVID-19, relying on the Court's analysis in denying Westmoreland's first motion for compassionate release. There, the undersigned found that Westmoreland was vaccinated against COVID-19; therefore, he was not at risk of severe complications from the virus despite his comorbidities. Here, however, Westmoreland's argument is not limited to the potential complications from COVID-19. Instead, he has argued that these conditions, on their own, are an extraordinary and compelling reason for compassionate release.

It is true that obesity, high blood pressure, high cholesterol, diabetes, and sleep

Page 6 of 11

apnea can all require long-term, specialized medical care. But Westmoreland has not provided any evidence to prove that the BOP has put his health or life at risk by delaying his care. Nor has he demonstrated that his chronic medical conditions have "substantially diminishe[d] [his] ability . . . to provide self-care within the environment of a correctional facility." *See* § 1B1.13(b)(1)(B).

Thus, the Court finds that Westmoreland has not established at this time that his medical circumstances are extraordinary and compelling.

### D. Rehabilitation

Westmoreland also submits that his "superlative" rehabilitation warrants compassionate release. His rehabilitation includes participation in educational and vocational training programs, his position as Orderly for the Special Housing Unit Property Officer, his prior work within many BOP departments, and his training and mentoring of other inmates. He also notes that he is now in his sixties and has spent nearly almost half of his life in prison, experiencing sincere remorse and "regretting with all his heart and soul" that he contributed to the murder of Debra Abeln. He has read many self-help books, including one, *Reaching Out from Within*, that taught him to understand that no one has the right to use violence toward another, that he can use alternate methods to cope with stress and anger, and to believe that he can care for humanity even though he is incarcerated. If he were to be released, Westmoreland states that he intends to "share his life's testimony" with youth so that they can avoid his mistakes in life.

Numerous letters were submitted in support of Westmoreland's motion. His ex-

wife and son detailed Westmoreland's strong relationship with his children and grandchildren, despite his physical distance from them. A fellow inmate, who considers Westmoreland his best friend, explained that Westmoreland routinely helps others and loves his family more than life itself. Perhaps most strikingly, a Senior Officer Specialist at FCI Talledega wrote a character reference stating that Westmoreland has maintained an air of respectability, maturity, responsibility, and professionalism in his daily life, is always positive and helpful, offers guidance to both new and old offenders, and if released, would remain an active, positive, and successful person in the community.

The Government, in response, notes that rehabilitation cannot serve as a stand-alone reason for compassionate release and questions whether Westmoreland is truly rehabilitated given his three disciplinary infractions over the previous five years for destruction of property, possession of a hazardous tool, and for possession of drugs or alcohol. But Westmoreland's destruction of property was for tying his bed sheets to his bunk in 2023, and prior to his possession of a hazardous tool and of drugs or alcohol in 2022, his last offense was in 2016 for possession of stolen food service turkey bacon.

Westmoreland has certainly demonstrated remorse and a commitment to bettering himself and others, he has a limited disciplinary record despite serving nearly 30 years in prison, and the letters written in support of him are sincere and persuasive. While the Court acknowledges that an inmate's rehabilitation, on its own, is not enough to constitute an extraordinary and compelling reason for compassionate release, it does find, in this instance, that Westmoreland has been rehabilitated.

### E. Combination of Factors

In addition to arguing each factor separately, Westmoreland asks the Court to consider the factors in combination. Section 1B1.13(b)(5) gives courts discretion to find "any other circumstance or combination of circumstances" that are "similar in gravity" to those specifically enumerated in § 1B1.13(1) through (4) to be extraordinary and compelling bases for release. Thus, even though Westmoreland is not eligible for compassionate release under the usually long sentence provision, a combination of his medical circumstances, age, rehabilitation, and any other factor similar in gravity may be considered together when determining whether extraordinary and compelling circumstances exist. *See Thacker*, 4 F.4th at 574 (observing that although "§ 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction," personal circumstances such as a terminal illness can be the basis for a discretionary sentencing reduction).

On one hand, Westmoreland suffers from serious, chronic health conditions—but he has not provided any evidence that the BOP is delaying his care or that his conditions have substantially diminished his ability to provide self-care within the environment of a correctional facility. He is also just shy of the age requirement in § 1B1.13(B)(2), which allows a court to find extraordinary and compelling circumstances where the defendant is at least 65 years old, is experiencing a serious deterioration in physical health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Westmoreland will turn 65 in January 2027.

On the other hand, the Court has found Westmoreland to be rehabilitated. Another factor, not discussed by the parties, is that Westmoreland's co-defendant, Deandre Lewis, received an Executive Grant of Clemency on January 21, 2025. Lewis was the individual who shot Debra Abeln in the chest in front of her 12-year-old son. Although Lewis was sentenced to 450 months in prison, former President Biden granted clemency to Lewis, one of nearly 2,500 people whose sentences for "nonviolent drug offenses" were commuted.[1] Although disparities between a defendant and a co-defendant's sentence is usually a subject for a motion under 28 U.S.C. § 2255, the commutation of Lewis's sentence is fairly extraordinary. And, because Richard Abeln, Debra's husband, apparently committed suicide in prison in 2002, Westmoreland is the only defendant involved in the tragic death of Debra Abeln who remains incarcerated for her murder.

The Court is not ready to say that these circumstances, when taken in combination with Westmoreland's rehabilitation, are extraordinary and compelling reasons for granting compassionate release. But the Court invites Westmoreland to refile his motion when: (1) he has turned 65; and (2) he has some evidence that the BOP is not providing or delaying his care for his medical conditions, or that his medical conditions substantially diminish his ability to provide self-care while he is incarcerated.

### F.  18 U.S.C. 3553(a) Factors

Because the Court has not found extraordinary and compelling circumstances exist for granting compassionate release, it will not address the § 3553(a) sentencing

---

[1] *See* Ann E. Marimow, *Biden is commuting sentences of nearly 2,500 nonviolent drug offenders*, The Washington Post, (January 17, 2025), https://www.washingtonpost.com/national-security/2025/01/17/biden-pardons-justice-clemency/.

factors at this time. However, should Westmoreland refile his motion upon turning 65, the Court encourages him to more thoroughly address the § 3553(a) factors.

CONCLUSION

For these reasons, the Motion for Compassionate Release filed by Defendant Guy J. Westmoreland (Doc. 996) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:   May 19, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**